IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-51190
Summary Calendar


In the Matter Of: ROUNDVILLE PARTNERS L L C,

Debtor

ROUNDVILLE PARTNERS L L C,

Appellant,

versus

STEPHEN M JONES; FRANKIE SUE
JONES,

Appellees.

Appeal from the United States District Court
for the Western District of Texas
(A-99-CV-617)

May 29, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Roundville appeals the district court's affirmance of the
bankruptcy court's denial of relief under 11 U.S.C. § 548(a)(1)(B).
This suit arose out of a contract gone sour in which the Joneses
were to sell five lots of property to Roundville. Initially, the
parties planned to conduct the sale through a single contract.
Later, the Joneses requested that the contract be executed in two
stages for tax purposes, selling some property first and the rest

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the lots in a second contract.  Because of zoning requirements, the two stages ended up with lopsided value: Roundville was to pay more for the first-stage contract than that property was worth and less under the second-stage contract than that property was worth. The total price, however, was equivalent to the amount specified in the original contract.

When the Joneses refused to execute the second stage, Roundville was left having paid more for the first stage property than it was worth considered on its own.  Roundville took two steps in response.  It filed a state court action seeking specific performance of the second-stage contract.  After filing Chapter 11 proceedings, it also filed an adversary proceeding for fraudulent transfer in the bankruptcy court under 11 U.S.C. § 548(a)(1)(B).

The bankruptcy court held that Roundville either was not made insolvent by or had received equivalent value for the Contract 2 closing because it became the beneficial owner of Contract 3.  The court reasoned that Contract 3 had value despite the Joneses' refusal to close because of Roundville's state court cause of action.  The district court affirmed, and Roundville appealed.

Having reviewed the pleadings and bankruptcy court's opinion in this matter, we are persuaded that there was no clear error in the bankruptcy court's determination.  In light of the value of Contract 3, Roundville cannot satisfy the requirements of § 548.

AFFIRMED.